IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SALIM D. AHMED,<br><br>        Plaintiff,<br><br>    v.<br><br>ALAMEDA COUNTY SHERIFF CHARLES PLUMMER, SANTA RITA JAIL and ALAMEDA DEPUTY CABRERA,<br><br>        Defendant.<br>_____ | No. C 09-4082 JSW (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND AND INSTRUCTIONS TO THE CLERK**<br><br>(Docket No. 2) |

## INTRODUCTION

Plaintiff, currently incarcerated at the Alameda County Jail in Dublin, California, has filed this pro se civil rights complaint under 42 U.S.C § 1983 alleging that he was strip searched at the jail on April 6, 2009.  Plaintiff has also filed an application to proceed *in forma pauperis* which is GRANTED in a separate order filed simultaneously. This Court now reviews the Complaint pursuant to 28 U.S.C. § 1915A and dismisses the complaint with leave to amend within thirty days.

## STANDARD OF REVIEW

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief."  *Id.* § 1915A(b).  Pro se pleadings must be

liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## LEGAL CLAIMS

Here, Plaintiff provides no details of the circumstances surrounding his strip search other than that it occurred on April 6, 2009. He does not identify who conducted the search, what his legal status was at the time it occurred or how any of the named parties is responsible for a constitutional injury.

Incarcerated prisoners retain a limited right to bodily privacy. *See Michenfelder v. Sumner*, 860 F.2d 328, 333 (9th Cir. 1988). Shielding one's unclothed figure from the view of strangers, particularly strangers of the opposite sex, is impelled by elementary self-respect and personal dignity. *See Grummett v. Rushen*, 779 F.2d 491, 494 (9th Cir. 1985). To analyze a claim alleging a violation of this privacy right, the court must determine whether the prison regulation is reasonably related to legitimate penological interests. *See Michenfelder*, 860 F.2d at 333-34 (citing *Turner v. Safley*, 482 U.S. 78, 89 (1987)).

Prisoners and pretrial detainees in institutional settings may be subjected to strip searches and body cavity searches if they are conducted in a reasonable manner. *See Bell v. Wolfish*, 441 U.S. 520, 561 (1979). The Fourth Amendment right to be secure against unreasonable searches extends to incarcerated prisoners, although the reasonableness of a particular search must be determined by reference to the prison context. *See Michenfelder*, 860 F.2d at 332. The court should "consider the reasonableness of [the search] to help [the court] determine if it was reasonably related to legitimate penological

interests." *Thompson v. Souza*, 111 F.3d 694, 699, 700 (9th Cir. 1997). Factors to consider in determining the reasonableness of a search include the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place at which it is conducted. *See Bell*, 441 U.S. at 559; *Thompson*, 111 F.3d at 700 (visual strip searches and urine tests of large group of prisoners to search for drugs were reasonably related to the prison officials' legitimate penological interest in keeping drugs out of prison).

In order to state a claim for relief, Plaintiff must provide more details of the search and must identify how each named Defendant is responsible. A complaint that fails to state the specific acts of the defendant which violated the plaintiff's rights fails to meet the requirements of Rule 8(a)(2) of the Federal Rules of Civil Procedure. *Hutchinson v. United States,* 677 F.2d 1322, 1328 n.5 (9th Cir. 1982). District courts must afford pro se prisoner litigants an opportunity to amend to correct any deficiency in their complaints. *Lopez v. Smith,* 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc). Plaintiff must specifically identify what each named Defendant did or did not do in order to state a claim against them. As such, Plaintiff will be granted leave to amend to allege specifics. Plaintiff must complete the Court's complaint form, which will be provided to him with this order.

In his amended complaint, Plaintiff must establish legal liability of each person or entity for the claimed violation of his rights. Liability may be imposed on an individual defendant under section 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff

1  complains.  *See Leer*, 844 F.2d at 633; *see, e.g., Robins v. Meecham*, 60 F.3d 1436, 1442
2  (9th Cir. 1995) (prison official's failure to intervene to prevent 8th Amendment violation
3  may be basis for liability).  Sweeping conclusory allegations will not suffice; the plaintiff
4  must instead "set forth specific facts as to each individual defendant's" deprivation of
5  protected rights.  *Leer*, 844 F.2d at 634.

6       Plaintiff has named the Sheriff as a Defendant.  With regard to a supervisory
7  employee, Plaintiff should be mindful that a supervisor may be liable under § 1983 only
8  upon a showing of (1) personal involvement in the constitutional deprivation or (2) a
9  sufficient causal connection between the supervisor's wrongful conduct and the
10 constitutional violation.  *Redman v. County of San Diego,* 942 F.2d 1435, 1446 (9th Cir.
11 1991) (en banc).  A supervisor therefore generally "is only liable for constitutional
12 violations of his subordinates if the supervisor participated in or directed the violations,
13 or knew of the violations and failed to act to prevent them."  *Taylor v. List,* 880 F.2d
14 1040, 1045 (9th Cir. 1989).

15      Plaintiff also names Alameda County's Santa Rita Jail as a defendant in this
16 action.  With regard to the named municipal Defendant, Plaintiff has also failed to state a
17 claim.  Local governments are "persons" subject to liability under 42 U.S.C. § 1983
18 where official policy or custom causes a constitutional tort, *see Monell v. Dep't of Social
19 Servs.*, 436 U.S. 658, 690 (1978).  However, a city or county may not be held vicariously
20 liable for the unconstitutional acts of its employees under the theory of respondeat
21 superior, *see Board of County Comm'rs v. Brown*, 520 U.S. 397, 403 (1997); *Monell,* 436
22 U.S. at 691; *Fuller v. City of Oakland,* 47 F.3d 1522, 1534 (9th Cir. 1995).  To impose
23 municipal liability under § 1983 for a violation of constitutional rights, a plaintiff must
24 show: (1) that the plaintiff possessed a constitutional right of which he or she was
25 deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate
26 indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving

force behind the constitutional violation.  *See Plumeau v. School Dist. #40 County of Yamhill,* 130 F.3d 432, 438 (9th Cir. 1997).  In this case, Plaintiff has not properly alleged liability on the part of the municipal Defendant.  Plaintiff will be provided with thirty days in which to amend to correct the deficiencies in his complaint.

## CONCLUSION

1. The complaint is DISMISSED WITH LEAVE TO AMEND, as indicated above.  Plaintiff shall file an amended complaint within ***thirty (30) days from the date of this order*** in which he asserts factual allegations against all Defendants named therein.  The amendment must include the caption and civil case number used in this order and the words "COURT ORDERED AMENDED COMPLAINT" on the first page.  Failure to amend within the designated time will result in dismissal of the complaint.  The Clerk shall provide Plaintiff with a copy of this Court's complaint form along with this order.

2. Plaintiff is advised that an amended complaint supersedes the original complaint.  "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).  Defendants not named in an amended complaint are no longer defendants.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.), *cert. denied*, 506 U.S. 915 (1992).

3. It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action under Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

DATED:   04/09/10

JEFFREY S. WHITE
United States District Judge